*989 Opinión disidente emitida por el
Juez Asociado Señor Martínez Torres,
a la que se une el Juez Asociado Señor Feliberti Cintrón.
Disiento respetuosamente del curso seguido en la Sen-tencia que precede. En este caso se incumplió crasamente con la Regla 34 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. Esa regla exige presentar copia de todos aquellos documentos necesarios para establecer de manera fehaciente la jurisdicción del Tribunal. En este caso no se acompañó la sentencia del Tribunal de Apelaciones de la cual se recurre. Ante ese incumplimiento, procede desestimar el caso. Soto Pino v. Uno Radio Group, 189 DPR 84 (2013); Cárdenas Maxán v. Rodríguez, 119 DPR 642, 659 (1987). De hecho, todavía no se ha secado la tinta de lo resuelto en Soto Pino v. Uno Radio Group, supra. Esa opinión la emitimos para reafirmar que todo litigante tiene el deber de cumplir fielmente con las normas reglamentarias en los procesos apelativos. Id. Es funesto que reafirmemos una norma y a los pocos meses la echemos al olvido. Cuando un tribunal carece de jurisdicción, no puede hacer otra cosa que reconocerlo y desestimar el caso. S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682-683 (2011). Así lo hacemos siempre.
La mayoría del Tribunal está en desacuerdo con la sanción que impuso el Tribunal de Apelaciones en el ejercicio de su discreción. La Sentencia del Tribunal de Apelaciones, pág. 12, revela que el señor Santana Báez ha presentado ante la Secretaría del Tribunal de Apelaciones 180 recursos judiciales dentro del periodo comprendido entre los años 2009-2013. A ese número hay que añadirle el caso que nos ocupa. Aquí el señor Santana Báez interesa que se revoque una resolución administrativa que confirmó la suspensión de privilegios como medida de seguridad al amparo de la Regla 9 del Reglamento Disciplinario para la Población Co- *990 rreccional, Reglamento Núm. 7748 del Departamento de Estado de 23 de septiembre dé 2009. El señor Santana Báez acepta en su escrito que hubo una reyerta en la que hubo confinados heridos. La Regla 9 del Reglamento Disci-plinario para la Población Correccional, id., permite suspender privilegios en situaciones que atenten contra la se-guridad institucional.
El Art. 1.002(a) de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24a, establece que la Rama Judicial será “accesible a la ciudadanía; prestará servicios de manera equitativa, sensible y con un enfoque huma-nista [...]”. Ahora bien, esa disposición de ley no impide que los tribunales impongan sanciones o desestimen casos frívolos. Ante el asedio constante de recursos frívolos como este por parte del señor Santana Báez, es ineludible con-cluir que el foro apelativo intermedio no abusó de su dis-creción al imponer la multa.
Como norma general, este Tribunal no debe pretender administrar ni manejar el trámite regular de los casos ante el foro apelativo intermedio. Solo ante un abuso de discre-ción es que procede intervenir con ese manejo. García López y otros v. E.L.A., 185 DPR 371 (2012). Es cierto que la “tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está es-trechamente relacionado con el concepto de razonabilidad”. Rivera y otros v. Bco. Popular, 152 DPR 140, 155 (2000).
Un tribunal incurre en abuso de discreción
[...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante con-siderar y tomar en cuenta todos los hechos materiales e im-portantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009).
*991 Es un gran error intervenir en este caso, en el que no tenemos jurisdicción, para cercenar la discreción del Tribunal de Apelaciones, que impuso una multa de $50. Esa sanción es usual y no constituye un abuso de discreción. Por ejemplo, en Nieves Huertas et al. v. ELA I, 189 DPR 611 (2013) (Sentencia), impusimos una sanción de $10,000 en honorarios a unos litigantes pro se que presentaron un caso frívolo.
Tal parece que este Foro otorga demasiado peso al hecho de que el señor Santana Báez es un confinado que comparece pro se. A diferencia del Tribunal, opino que ese hecho no altera este análisis. Nuestro ordenamiento jurídico es claro en establecer que el litigante pro se no tiene derecho a que se le apliquen reglas procesales distintas ni a que se le releve de cumplir con la normativa aplicable. “La persona que comparece por derecho propio está sujeta a que se le impongan las mismas sanciones que la Regla 9.3 de este apéndice provee para los abogados y abogadas, así como las consecuencias procesales que estas reglas proveen para las partes representadas por abogado o abogada”. Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V. Véase Febles v. Romar, 159 DPR 714, 722 (2003).
En su dimensión procesal, el principio rector de la igual protección de las leyes, nos obliga a usar dos (2) varas iguales para medir y adjudicar recursos ante el Tribunal de Circuito de Apelaciones y este Foro; esto es interpretar y aplicar rectamente las mismas normas reglamentarias que requieren de-terminados documentos, imprescindibles en los apéndices, demostrativos de la jurisdicción apelativa y los méritos del recurso. (Enfasis en el original). Codesi, Inc. v. Mun. de Canóvanas, 150 DPR 586, 589 (2000).
Con más razón, el mismo principio aplica cuando se trata de los casos ante nos.
Hasta el presente, constantemente este Tribunal se ha ne-gado a expedir recursos por deficiencias como las que contiene la apelación del Municipio, en recursos presentados ante nos (o ante el Tribunal de Circuito de Apelaciones). En esas cir-cunstancias hemos fundamentado nuestra determinación en *992 “ausencia de jurisdicción” (prematura, tardía e, incluso, no demostrada), o “por incumplimiento craso con el Reglamento”. Arriaga v. F.S.E., 145 DPR 122 (1998). Íd., págs. 589-590.
Más aún, recientemente resolvimos que la condición de confinado no constituye de por sí y automáticamente la justa causa que exige el Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 LPRA sec. 3077a, para eximir del requisito de' notificación al Estado. Véanse: Rosario Mercado v. ELA, 189 DPR 561 (2013); ELA v. Martínez Zayas, 188 DPR 749, 750-755 (2013), opinión de conformidad de la Jueza Asociada Señora Pabón Charneco, a la cual se unieron los Jueces Asociados Señores Martínez Torres, Rivera García y Peliberti Cintrón. El fundamento principal para arribar a ese resultado es que todos los litigantes son iguales ante la ley, como claramente dispone la Regla 9.4 de Procedimiento Civil, supra. A diferencia de esa línea jurisprudencial, la Sentencia del Tribunal otorga un trato especial al peticionario Santana Báez por su condición de reo. Véase la Opinión de conformidad emitida por el Juez Asociado Señor Estrella Martínez en este caso.
En la opinión de conformidad se excusa la omisión en el apéndice del dictamen a revisarse, porque el peticionario es confinado y la Administración de Corrección no cooperó. La excusa es muy conveniente. No hay nada que pueda asegurar a este Tribunal que eso es cierto. De hecho, nada impide a un confinado hacer arreglos para que alguien le procure unas fotocopias fuera del penal. El peticionario de-bió, además, sopesar las dificultades que podría enfrentar para presentar un recurso completo a tiempo antes de in-sistir en proseguir sin un abogado. Es claro que el deber de perfeccionar un recurso siempre es del peticionario. Véase Regla 9.4 de Procedimiento Civil, supra. No actuamos de manera justa al relevar al peticionario Santana Báez de los requisitos de nuestro Reglamento para que nosotros busquemos la sentencia que no se incluyó en el apéndice del recurso. No lo hacemos con nadie más; mucho menos *993 somos una “oficina de archivos” (record room) del peticionario. Véase, e.g., Pérez v. C.R. Jiménez, Inc., 148 DPR 153, 154 (1999), voto concurrente del Juez Asociado Señor Negrón García.
En conclusión, es desacertada la Sentencia del Tribunal que decide intervenir en un caso aunque no tiene jurisdic-ción para ello. Pero más aún, el Tribunal interviene inde-bidamente con la discreción que tiene el Tribunal de Ape-laciones para atender el trámite de los casos ante su consideración. Ese curso de acción desafortunado me obliga a disentir.
Lamentablemente, este Tribunal les amarra las manos a los jueces, con el resultado de que estos no puedan tomar medidas para manejar eficientemente sus calendarios judiciales. Con eso no solo se castra su autoridad como jue-ces, sino que también se perjudica a nuestro Pueblo. Este se verá obligado a solventar un sistema de tribunales, no para atender los casos meritorios de todos, incluyendo los confinados, sino para soportar la dilación producto de la permanencia en el sistema de los recursos frívolos que presenten por derecho propio algunos reos. A los abogados no les permitimos obviar los requisitos reglamentarios, pero al peticionario sí. Compárense: Soto Pino v. Uno Radio Group, supra, pág. 90; Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975) (no puede quedar “al arbitrio de los abogados decidir qué disposiciones reglamentarias de-ben acatarse y cuándo [...]”). En fin, el confinado que com-parece por derecho propio es ahora un litigante privile-giado que tiene más derechos que nadie. Eso se conoce ahora con el eufemismo de “justicia sensible y humanista”. Ante esta doble vara no es de extrañar, entonces, que haya personas que no crean que en nuestros tribunales se dispensa justicia. En realidad, ¿qué es lo que estamos garan-tizando? ¿Acceso a la injusticia? ¿Trato desigual y privile-giado?
Por todo lo anterior ofrezco un consejo a mis hermanos jueces del Tribunal de Apelaciones. Lamento tener que re- *994 comendarles que no se molesten en imponer sanciones en casos frívolos, por más que un litigante haya abusado de los procedimientos, de ustedes o de la otra parte. La mode-ración o severidad de la sanción y los hechos que la justi-fican no importan. Para desgracia de todo Puerto Rico, vuestra discreción y facultades como jueces no se respeta-rán en el Tribunal Supremo.