CC-98-851

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Codesi, Inc.<br>    Peticionario<br><br>    v.<br><br>Municipio de Canóvanas<br>    Recurrido | Certiorari<br><br>2000 TSPR 48 |
|---|---|

Número del Caso: CC-1998-0851

Fecha: 24/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Panel Integrador por:     Hon. Arbona Lago
                          Hon. Negroni Cintrón
                          Hon. Salas Soler

Abogados de la Parte Peticionaria: Lcdo. J. A. Ortiz Siragusa

Abogados de la Parte Recurrida: Lcda. María M. Charbonier Laureano

Materia: Cobro de Dinero

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

CC-98-851

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Codesi, Inc.

 Demandante-Peticionario

       v.                         CC-98-851     Certiorari

Municipio de Canóvanas

 Demandado-Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 24 de marzo de 2000

I

Codesi, Inc. demandó en cobro de dinero al Municipio de Canóvanas. El Tribunal de Primera Instancia, Subsección de Distrito, Sala de Río Grande (Hon. Lydia E. Couvertier), dictó Sentencia a su favor el 17 de abril de 1998, archivada en autos su notificación el 12 de mayo.

El 11 de junio el Municipio apeló al Tribunal de Circuito de Apelaciones (Jueces Hons. Arbona Lago, Negroni Cintrón y Salas Soler). Codesi solicitó **sin éxito** su desestimación por falta de jurisdicción, basado en que el recurso de apelación

infringió varias disposiciones del Reglamento del Tribunal de Circuito de Apelaciones.

Inconforme Codesi recurrió ante nos, reproduciendo su pedido.[1] Previo trámite de mostración de causa, con el beneficio de la comparecencia del Municipio, resolvemos.

II

El planteamiento central de Codesi es que el recurso del Municipio omitió incluir en el **Apéndice** copia de varios documentos **esenciales**, en contravención con el mandato contenido en el Reglamento del Tribunal de Circuito de Apelaciones.[2]

---

[1] Aduce:

Erró el Tribunal de Circuito de Apelaciones al declarar [n]o [h]a [l]ugar a la [m]oción de [d]esestimación sobre falta de jurisdicción radicada por el peticionario [Codesi].

[2] La Regla 16 (E) del Reglamento del Tribunal de Circuito, en lo pertinente, ordena (**"incluirá"**) que el Apéndice contenga **copia literal** de:

"(a) **Las alegaciones de las partes, a saber, la demanda principal**, las demandas de coparte o de tercero y la reconvención, y sus respectivas **contestaciones**;

(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden."

Sabido es, que luego de establecerse en la **Ley de la Judicatura** el derecho de apelación contra sentencias finales civiles (existen en lo penal) el Reglamento visualiza el Apéndice como la recopilación documental (copia literal), de los escritos acumulados durante el trámite en el Tribunal de Primera Instancia, esto es copia sustitutiva de los autos originales. Su importancia es tal, que mediante el mismo el Tribunal de Circuito oportunamente adjudica la apelación.

Expongamos los documentos no incluidos.

**Primero,** formulario de notificación del archivo en autos de la sentencia dictada por el foro de instancia, vital para determinar la jurisdicción. (Regla 16E(1)(b)). **Segundo,** copia de las alegaciones -demanda y contestación- de las partes, según lo exige la Regla 16E(1)(a). **Tercero,** ausencia de índice del Apéndice. (Regla 16E(3)). **Cuarto,** carencia de enumeración consecutiva de las páginas del Apéndice y, **quinto,** no notificó a Codesi copia **completa** de su escrito de apelación dentro del término jurisdiccional (Regla 13(B)).

III

En su dimensión procesal, el principio rector de la **igual protección de las leyes,** nos obliga a usar dos (2) varas iguales para medir y adjudicar recursos ante el Tribunal de Circuito de Apelaciones y este foro, esto es interpretar y aplicar rectamente **las mismas normas reglamentarias** que requieren determinados documentos,

imprescindibles en los Apéndices, demostrativos de la jurisdicción apelativa y los méritos del recurso.

Hasta el presente, **consistentemente** este Tribunal se ha negado a expedir recursos por deficiencias como las que contiene la apelación del Municipio, en recursos presentados ante nos (o ante el Tribunal de Circuito de Apelaciones). En esas circunstancias hemos fundamentado nuestra determinación en **"ausencia de jurisdicción"** (prematura, tardía e, incluso, no demostrada), o **"por incumplimiento craso con el Reglamento"**. Arriaga Rivera v. Fondo del Seguro del Estado, res. en 18 de marzo de 1998, 98 TSPR 27.

El siguiente análisis estadístico refleja este enfoque doctrinario.

| Año Natural | No ha lugar por craso incumplimiento con el Reglamento | No ha lugar por falta de Jurisdicción | Total |
|---|---|---|---|
| 1996 | 32 | 67 | 99 |
| 1997 | 43 | 63 | 106 |
| 1998 | 81 | 86 | 167 |
| 1999[3] | 105 | 95 | 200 |
| Total | 261 | 311 | 572 |

Estas estadísticas y dictámenes revelan dramáticamente que subsiste entre algunos abogados un desconocimiento de las normas y reglas aplicables a los recursos apelativos ante el Tribunal de Circuito y este Tribunal. Ha transcurrido tiempo más que suficiente para

---

[3] Incluye hasta el 31 de diciembre de 1999.

la profesión legal haberse familiarizado con las reglas y normas pertinentes. No podemos pues, en aras de una ilusoria flexibilidad erosionar sustancialmente esa doctrina apelativa. Máxime, que ello dejaría a la discreción de cada uno de los once (11) paneles del Tribunal de Circuito de Apelaciones determinar si se cumple o no con las normas **mandatorias** de su Reglamento. Aspiramos una práctica apelativa forense de excelencia, no pobre que socavaría la uniformidad deseada.

Precisamente, según antes indicado, en este caso tres (3) de las cinco (5) deficiencias incurridas por el Municipio de Canóvanas en el Apéndice han sido siempre consideradas por este Tribunal (también por el Circuito de Apelaciones), **como sustanciales y han conllevado desestimación por incumplimiento craso con el Reglamento:** (i) omitir el formulario de la notificación del archivo en autos de la sentencia dictada por el foro de instancia; (ii) no incluir copias de las alegaciones de las partes y, (iii) no notificar a Codesi, Inc. copia completa de su escrito de apelación dentro del término jurisdiccional. No existe razones para variar este enfoque judicial.

Por los fundamentos expuestos, se dictará Sentencia expidiendo el auto, revocando la Resolución del Tribunal de Circuito, y en su lugar, desestimar la apelación del Municipio de Canóvanas.

ANTONIO S. NEGRÓN GARCÍA
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Codesi, Inc.

   Demandante-Peticionario

        v.                             CC-98-851     Certiorari

Municipio de Canóvanas

   Demandado-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 24 de marzo de 2000

     Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se dicta Sentencia expidiendo el auto, revoca la Resolución del Tribunal de Circuito, y en su lugar, se desestima la apelación del Municipio de Canóvanas.

     Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Naveira de Rodón emitió Opinión Disidente a la cual se une el Juez Presidente señor Andréu García. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Codesi, Inc.

    Peticionario


      v.                       CC-1998-851


Municipio de Canóvanas

    Recurrido


Opinión Disidente emitida por la Juez Asociada señora Naveira de Rodón a la cual se une el Juez Presidente señor Andréu García


San Juan, Puerto Rico a 24 de marzo de 2000


     Existen tres razones en nuestro ordenamiento jurídico que nos impiden refrendar la Opinión que hoy certifica la mayoría: primero, el principio cardinal encaminado a que la discreción judicial se ejerza de modo que las controversias sean atendidas en sus méritos; segundo, el precepto que gobierna las normas procesales dirigido a que las controversias se resuelvan de manera justa, rápida y económica y tercero, que ni las leyes ni los reglamentos pueden exigir actos inútiles y mucho menos hacer que a base de éstos, los tribunales pierdan su jurisdicción sobre un caso.

I

El 15 de junio de 1995, la peticionaria Codesi, Inc. (en adelante Codesi) presentó una demanda en cobro de dinero contra el Municipio de Canóvanas (en adelante Municipio) aquí recurrido. El Tribunal de Primera Instancia, Subsección de Distrito, Sala de Río Grande, la declaró con lugar mediante sentencia dictada el 17 de abril de 1998 y archivada en autos copia de la notificación el 12 de mayo de 1998.

Inconforme, el 11 de junio de 1998 el Municipio presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones, Circuito Regional de Carolina (en adelante, Tribunal de Circuito). El 13 de julio de 1998 Codesi solicitó la desestimación por el fundamento de falta de jurisdicción.[4] Alegó que el recurso de apelación incumplía con varias de las disposiciones del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, (en adelante Reglamento del Tribunal de Circuito). El foro apelativo denegó la referida solicitud.

Oportunamente, Codesi recurrió ante nos mediante recurso de certiorari con el siguiente señalamiento:

Erró el Tribunal de Circuito de Apelaciones al declarar [n]o [h]a [l]ugar a la [m]oción de [d]esestimación sobre falta de jurisdicción radicada por el peticionario [Codesi].

El 15 de enero de 1999, le ordenamos al Municipio que mostrara causa por la cual no debíamos expedir el recurso de certiorari y revocar la resolución del Tribunal de Circuito que denegó la solicitud de desestimación presentada por Codesi. Con el beneficio de su comparecencia, resolvemos sin ulteriores procedimientos.

II

Codesi reiteró ante nos su planteamiento de que el recurso presentado por el Municipio incumplía con varias disposiciones del Reglamento y, por lo tanto, procedía su desestimación. Las deficiencias alegadas consistían en: (i) no incluir en el apéndice

---

[4] La Regla 83(B)(1) del Reglamento del Tribunal de Circuito de Apelaciones, supra, permite que una parte solicite la desestimación de un recurso, en cualquier momento, por el fundamento de que el tribunal carece de jurisdicción.

el formulario (volante) de la notificación del archivo en autos de la sentencia dictada por el foro de instancia; (ii) omitir incluir en el apéndice copia de las alegaciones de las partes; (iii) no preparar un índice del apéndice, (iv) no enumerar consecutivamente las páginas de éste y, por último, (v) no notificar a Codesi de una copia completa de su escrito de apelación dentro del término jurisdiccional.

Sabido es que las disposiciones reglamentarias respecto a los recursos que se presentan ante este Tribunal deben cumplirse cabalmente. Recientemente extendimos esta doctrina a los recursos que se presentan ante el Tribunal de Circuito, ya que "[n]o existe razón alguna que justifique no aplicar esta norma, de evidente sentido jurídico, al cumplimiento del Reglamento del Tribunal de Circuito de Apelaciones". Arriaga v. F.S.E., Op. de 18 de marzo de 1998, 145 D.P.R. ___ (1998), 98 J.T.S. 28.

No obstante, reiteradamente hemos expresado que el Tribunal de Circuito debe ser flexible al interpretar y aplicar las normas procesales y reglamentarias contenidas en su reglamento. Banco Popular de P.R. v. Pellicier, P.C. de 14 de febrero de 1996, 140 D.P.R. __ (1996), 96 J.T.S. 17; Santos y otros v. Mun. de Comerío, P.C. de 9 de febrero de 1996, 140 D.P.R. ___ (1996), 96 J.T.S. 13. A tenor con dichos pronunciamientos y con la norma judicial de que los casos se resuelvan en sus méritos, le hemos indicado que no debe actuar precipitadamente, ni ordenar rígidamente la desestimación de los recursos de apelación. Soc. de Gananciales v. García Robles, P.C. de 23 de enero de 1997, 142 D.P.R. ____ (1997), 97 J.T.S. 7, pág. 511.

III

La Regla 16 del Reglamento del Tribunal de Circuito, supra, enumera los documentos que deben incluirse en el apéndice de un recurso de apelación. En lo pertinente al caso que hoy nos ocupa, indica:

E. Apéndice

(1) El escrito de apelación incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b) La sentencia del Tribunal de Primera Instancia cuya revisión se solicita y <u>la notificación del archivo en autos de copia de la misma</u>;

(2)...

(3) Todas las páginas del apéndice se numerarán consecutivamente. Los documentos se organizarán en orden cronológico. Además, <u>el apéndice contendrá un índice que indicará la página en que aparece cada documento</u>. (Énfasis nuestro.)

En el apéndice del recurso en controversia constaba una copia de la sentencia dictada por el foro de instancia, pero no contenía el formulario (volante) de la notificación del archivo en autos de ésta. En su escrito en cumplimiento de orden, el Municipio adujo que la referida <u>sentencia</u> era la esencia de la apelación presentada y su inclusión en el apéndice permitió que el Tribunal de Circuito acreditara su jurisdicción. Añadió que de la fecha en que se emitió la sentencia se podía colegir, sin necesidad de ningún otro documento, que el recurso se presentó dentro del término jurisdiccional de sesenta (60) días.[5]  Le asiste la razón.

El foro de instancia emitió su dictamen el <u>17 de abril de 1998</u>. El Municipio, por su parte, presentó el recurso de apelación el <u>11 de junio de 1998</u>, apenas cincuenta y cinco (55) días después de haberse dictado dicha sentencia.  De este dato surge con meridiana claridad que

---

[5]   La Regla 13 del Reglamento del Tribunal de Circuito, dispone, en su parte pertinente, lo siguiente: Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia.  En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios(as) o de una de sus instrumentalidades que no fuere una corporación pública, <u>o en que los Municipios de Puerto Rico sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta (60) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado</u>. (Énfasis nuestro.)

el recurso fue presentado dentro del término jurisdiccional de sesenta (60) días que establece el Art. 3.002 de la Ley de la Judicaturta de Puerto Rico, según enmendada, 4 L.P.R.A. sec 22(i).[6] Los hechos particulares de este caso hacen totalmente innecesario la presentación de documento adicional alguna para acreditarlo. Ni las leyes ni los reglamentos pueden exigir actos inútiles y mucho menos hacer que a base de éstos, los tribunales pierdan su jurisdicción sobre una caso.

En el caso que nos ocupa no era necesario que el Municipio acreditara la jurisdicción del Tribunal de Circuito mediante la inclusión en el apéndice del volante del archivo en autos de copia de la notificación de la sentencia. De la fecha de presentación del recurso y de la sentencia que fue emitida en instancia, surgía con patente claridad la presentación oportuna de éste. En consecuencia, no abusó de su discreción el Tribunal de Circuito al denegar la desestimación.[7]

En virtud de lo anterior, no podemos estar de acuerdo con la mayoría al ésta expresar, que el volante de notificación era "vital para determinar la jurisdicción". La jurisdicción la determina la ley. El volante de notificación es un medio que tiene el tribunal apelante para acreditar, o sea, comprobar su jurisdicción. Sin embargo, no es el único. Véase esc. 3.

El Municipio tampoco incluyó en el apéndice una copia de la demanda presentada por Codesi, ni la contestación a ésta. Sin embargo, de un examen de los autos surge que las alegaciones de la demanda están

---

[6] En <u>Pérez, Pellot</u> v. <u>J.A.S.A.P.</u>, Op. de 13 de diciembre de 1995, 139 D.P.R.__ (1995), 95 J.T.S. 160, esc. 5, indicamos que los peticionarios no incluyeron el volante de notificación en el apéndice del recurso de certiorari. No obstante, concluimos que éste había sido presentado dentro del término, pues así se podía colegir de la fecha en que se dictó la sentencia.

[7] En el caso de autos, el archivo en autos de la copia de la notificación de la sentencia fue el 12 de mayo de 1998, por lo tanto, el término jurisdiccional para interponer la apelación vencía el 13 de julio de 1998. Es decir, el Municipio todavía tenía treinta y tres (33) días más para perfeccionar el recurso que fuera presentado el 11 de mayo.

contenidas en las determinaciones de hechos realizadas por el tribunal sentenciador. Por lo tanto, la omisión del Municipio no era óbice para que el Tribunal de Circuito pudiese evaluar rigurosamente la corrección del dictamen del foro de instancia y, de esa forma, disponer adecuadamente del recurso ante su consideración.

> El Municipio tampoco preparó un índice para el apéndice, el cual sólo constaba de tres (3) documentos ni enumeró consecutivamente las páginas de éste.[8] A pesar de que el Reglamento dispone que es preciso incluir un índice y enumerar consecutivamente sus páginas, nos encontramos ante una inobservancia de menor importancia que no debe conllevar la drástica sanción de la desestimación.

Como hemos visto, los señalamientos tres y cuatro son errores de naturaleza clerical, más bien de forma, que no constituyen requisitos para determinar jurisdicción. Tienen como único propósito el facilitarle al tribunal apelante la búsqueda de los documentos contenidos en el apéndice y a los cuales se hace referencia en el recurso. Así pues, decir que estos requisitos son necesarios para que el Tribunal adquiera jurisdicción, es atentar con el principio imperante en nuestro ordenamiento y reiterado por nuestra jurisprudencia de que un tribunal no está autorizado a añadir a un estatuto restricciones o limitaciones que no aparecen en el texto de una ley. Irizarry v. Johnson & Johnson, Op. de 27 de enero de 2000 TSPR 15; Droguería Central Inc. v. Diamond Pharmaceuticals Servs. Inc. y otros, P.C. de 19 de enero de 2000 TSPR 5; Ramírez de Ferrer v. Juan Mari Brás, res. el noviembre de 1997, 142 D.P.R. ___ (1997); Román v. Superintendente, 93 D.P.R 685 (1966). A nuestro entender, los errores previamente discutidos no conllevan ni siquiera un incumplimiento craso con el Reglamento que amerite la drástica sanción de la desestimación del recurso. Estos pueden ser fácilmente subsanados con posterioridad a la presentación del recurso, sin que se entienda son parte esencial para su adecuado perfeccionamiento dentro del término jurisdiccional.

IV

La Regla 13(B) del Reglamento del
Tribunal de Circuito, relacionada con la
notificación a las partes del escrito de
apelación, dispone, en lo pertinente:
La parte apelante notificará el escrito por correo
certificado con acuse de recibo o mediante un servicio
similar de entrega personal con acuse de recibo. La
notificación a las partes se hará dentro del término
jurisdiccional para presentar el recurso, a partir del
archivo en autos de la notificación de la sentencia.
(Énfasis nuestro.)

Del lenguaje de la regla citada se puede colegir que la notificación a las partes de un escrito de apelación constituye un requisito jurisdiccional. En consecuencia, su inobservancia conlleva la desestimación del recurso ya que priva de jurisdicción al foro apelativo.

El Municipio remitió a Codesi una copia del escrito de apelación el 12 de junio de 1998, es decir, dentro del término jurisdiccional de sesenta (60) días. No obstante, Codesi alegó el recurso no fue perfeccionado a tiempo, pues al escrito le faltaban tres (3) páginas. Nos encontramos meramente ante un cumplimiento defectuoso con el requisito jurisdiccional de notificación.

El Municipio argumentó que notificó la apelación en su totalidad. No obstante, remitió a Codesi las páginas supuestamente omitidas el 17 de julio de 1998, tan sólo cuatro (4) días después de expirado el término jurisdiccional para la presentación del recurso.[9] Entendemos que ante dichas circunstancias no procedía la desestimación, ya que la alegada inobservancia constituyó un mero cumplimiento defectuoso que fue subsanado con rapidez, no un incumplimiento con un requisito jurisdiccional.

En resumen, interpretar como lo hace la mayoría de este Tribunal, que las deficiencias incurridas por el Municipio son sustanciales,

---

[8] El apéndice contenía una copia del contrato objeto de la demanda, un memorando de derecho presentado por Codesi ante el tribunal de instancia y la sentencia dictada por éste.
[9] Véase esc. 2.

perpetúa la filosofía de una interpretación inflexible que engendra no sólo "dilaciones en la solución de las controversias", sino "el fracaso de la justicia". Empress Hotel Inc., y otros v. Acosta Robles y otros, Voto Particular Disidente de la Juez Asociada señora Naveira de Rodón, CC-1999-811 de 8 de febrero de 2000 TSPR 18.

A tenor con la norma judicial de que los casos se resuelvan en sus méritos y la flexibilidad que posee el Tribunal de Circuito para aplicar su Reglamento, entendemos que éste no abusó de su discreción al denegar la solicitud de desestimación presentada por Codesi y acoger el recurso de apelación. Ahora bien, una vez más apercibimos a los abogados sobre su deber de ser diligentes y dar estricto cumplimiento tanto a la Ley de la Judicatura como a los Reglamentos del Tribunal Supremo y del Tribunal de Circuito. Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987). Les recordamos, además, que el incumplimiento con las disposiciones del Reglamento de este Tribunal "acusa desconocimiento de las mismas, cuando no su negligente o voluntaria desobediencia". In re Reglamento del Tribunal Supremo, 116 D.P.R. 670, 672 (1985).

Finalmente no debemos olvidarnos de que:

**"Hacer cumplida justicia implica, pues, con sentido común, exaltar los valores fundamentales humanos y descartar toda aplicación literal de reglas procesales que menoscaben ese fin. Hemos de evitar interpretaciones, cuya utilidad y producto final sea únicamente un mero recurso de técnica jurídica, mito o criatura artificial**." (Énfasis nuestro.) Voto Concurrente del Juez Asociado señor Negrón García en Villanueva v. Hernández Class, 128 D.P.R. 618, 653-654 (1991).

En vista de los fundamentos antes expuestos, disentimos de la posición adoptada por la mayoría, expediríamos el auto de certiorari y dictaríamos sentencia confirmando la resolución del Tribunal de Circuito de Apelaciones, Circuito Regional de Carolina, que denegó la desestimación de la apelación y devolveríamos el caso a dicho Tribunal para que continuasen los procedimientos.

MIRIAM NAVEIRA DE RODÓN
Juez Asociada