EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Néstor Samol Bonilla<br><br>Recurrido | 2019 TSPR 29<br><br>201 DPR ____<br><br>Certiorari |

Número del Caso:  CC-2018-881

Fecha: 15 de febrero de 2019

Tribunal de Apelaciones:

        Región Judicial Mayagüez-Utuado, Panel XI

Oficina del Procurador General:

        Lcdo. Isaías Sánchez Baez
        Procurador General

        Lcdo. Andrés Pérez Correa
        Procurador General Auxiliar

Abogado de la parte recurrida:

        Lcdo. Elmer A. Rodríguez Berríos

Materia:    Resolución del Tribunal con Voto particular de conformidad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Néstor Samol Bonilla<br><br>Recurrido | | CC-2018-0881 |

RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de febrero de 2019.

Evaluada la *Moción Urgente Solicitando Reconsideración y Desestimación, De la Petición de Certiorari y su Expedición, Toda Vez que el Apéndice Estaba Incompleto; la Presentación de las Sentencias del Tribunal de Primera Instancia se hizo fuera del Término Jurisdiccional, Todo lo Anterior en una Violación Crasa al Reglamento de Este Tribunal* presentada por el recurrido el 4 de febrero de 2019, se provee Ha Lugar. Consecuentemente, se anula el auto de *certiorari* expedido en el caso de epígrafe.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García emite Voto Particular de Conformidad al cual se unió la Juez Asociada señora Rodríguez Rodríguez.

La Jueza Asociada señora Pabón Charneco hace constar la siguiente expresión:

> El Sr. Néstor Samol Bonilla no tenía obligación de presentar las Sentencias de convicción emitidas por el Tribunal de Primera Instancia como parte de su Apelación Criminal ante el Tribunal de Apelaciones. Véase, *Pueblo v. Colón Canales*, 152 DPR 284, 292 (2000); Reglas 26 y 74 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B Rs. 26 y 74. Por ser un recurso de revisión obligatorio, estas serían elevadas al foro apelativo como parte del legajo del foro primario. *Id;* Regla 77 del Reglamento del Tribunal de Apelaciones, Ap. XXII-B R. 77. Habiendo acreditado el foro apelativo intermedio su jurisdicción, en este caso, los documentos necesarios para establecer nuestra jurisdicción fueron presentados, entiéndase la notificación de la Sentencia del

Tribunal de Apelaciones y la notificación de la Resolución resolviendo la solicitud de reconsideración correspondiente. Por esta razón, hubiera provisto No Ha Lugar a la Moción de Reconsideración del Sr. Néstor Samol Bonilla.

El Juez Asociado señor Feliberti Cintrón hubiera provisto No Ha Lugar. El Juez Asociado señor Estrella Martínez emite la expresión particular:

Al momento de atenderse en el Pleno de este Tribunal el recurso que nos ocupa, hice constar que proveería no ha lugar en los méritos. Consecuente con mi postura, hago constar nuevamente que denegaría el recurso en los méritos.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Néstor Samol Bonilla<br><br>Recurrido | CC-2018-0881 | |

**Voto Particular de Conformidad emitido por el Juez Asociado señor RIVERA GARCÍA al que se unió la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ.**

En San Juan, Puerto Rico, a 15 de febrero de 2019.

El tracto procesal del caso de marras me da la oportunidad de exponer una práctica recurrente y exhortar a la comunidad jurídica que observen con rigurosidad un asunto importantísimo: la *obligación* ineludible que tiene todo abogado y toda abogada de cumplir cabalmente los requisitos que hemos adoptado en nuestro Reglamento para la presentación de los recursos. A fin de cuentas, el deber de competencia y diligencia contenido en el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, así lo exige.[1] Veamos.

---

[1] Resulta de particular importancia resaltar que en *In re Vélez Valentín*, 124 DPR 403, 409 (1989), manifestamos que un letrado o una letrada "[a]l comparecer ante este Tribunal debe estar adecuadamente familiarizado con el reglamento de este Foro y con las Reglas de Procedimiento Civil y con las de Procedimiento Criminal. Un abogado que acepta una encomienda apelativa sin tener los conocimientos procesales y sustantivos necesarios para realizarla responsablemente y sin la preparación y dedicación que usualmente requieren los recursos apelativos refleja una falta de diligencia y de conocimiento que lo coloca al margen del Canon 18 del Código de Ética Profesional".

El Sr. Néstor Samol Bonilla (señor Samol Bonilla o recurrido) fue encontrado culpable de cometer ciertos delitos. Insatisfecho con este proceder, apeló las sentencias. Dado a que el Tribunal de Apelaciones revocó los dictámenes recurridos, el Estado solicitó reconsideración, petición que fue denegada el **30 de agosto de 2018**.

No conteste, el **1 de octubre de 2018** el Estado presentó ante nos una *Petición de certiorari*. Sin embargo, el 2 de octubre de 2018 la Secretaría de este Tribunal le notificó que su recurso tenía deficiencia. Específicamente, se le informó que no incorporó en el apéndice las sentencias del Tribunal de Primera Instancia. A causa de esto, el **3 de octubre de 2018** la Oficina del Procurador General presentó su *Moción para corregir deficiencias*.

Desde que el caso se instó, este Tribunal se ha visto precisado de atender varios cuestionamientos procesales. En la primera vez, el 5 de octubre de 2018, expuse que debíamos denegar el recurso. Esto dado a que el Procurador General no acompañó ─en el término jurisdiccional correspondiente─ copia de las sentencias dictadas por el foro primario las cuales fueron revocadas por el tribunal intermedio. De hecho, en la notificación que, en aquel entonces, se certificó hice constar que estábamos duplicando esfuerzos al emitir una resolución determinando que la petición de *certiorari* se presentó el 1 de octubre de 2018, pero, posteriormente, la declaráramos no ha lugar

porque no se perfeccionó en el plazo jurisdiccional correspondiente.

La segunda ocasión tuvimos que considerar una petición de desestimación que el recurrido presentó. En ese momento, reafirmé mi postura en el sentido de que hubiese provisto no ha lugar al recurso. El 25 de enero de 2018 una mayoría de este Tribunal, por inadvertencia, expidió el auto. En vista de nuestro proceder, el señor Samol Bonilla pidió reconsideración.

No cabe duda que el apéndice del recurso de *certiorari* que el Pueblo de Puerto Rico incoó —**el último día para recurrir de la decisión del Tribunal de Apelaciones**— estaba incompleto. En efecto, no contenía copia de las sentencias dictadas por el Tribunal de Primera Instancia que fueron revocadas por el Tribunal de Apelaciones en el dictamen aquí recurrido. La Oficina del Procurador General subsanó la deficiencia, pero lo hizo **luego** de haber transcurrido el plazo **jurisdiccional** de treinta días.

De entrada, como bien debe conocer la Oficina del Procurador General, la inobservancia de las exigencias dispuestas en nuestro Reglamento nos ha movido en innumerables ocasiones a denegar recursos por incumplimiento craso con nuestro reglamento.[2] A modo de ejemplo, en *Mfrs. H. Leasing v. Carib. Tubular Corp.,* 115 DPR 428 (1984), rechazamos considerar un recurso apelativo pues su apéndice estaba incompleto. En este, la peticionaria pidió tiempo para presentar el apéndice

---

[2] *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 DPR 428 (1984).

completo. Allí expresamos que el plazo para presentar el recurso **con su apéndice** era improrrogable.[3]

Es menester destacar que nuestro Reglamento es diáfano al requerir, entre otras cosas, que

> [c]uando un **escrito** que se presente al tribunal esté acompañado de un apéndice, se deberá cumplir con lo siguiente:
>
> .   .   .   .   .   .   .   .
>
> (c)El **apéndice** contendrá copia de **todos aquellos documentos necesarios para establecer de manera fehaciente la jurisdicción del tribunal**, en los cuales deberá constar en forma legible la fecha y la hora de presentación según fueron selladas por la Secretaría del tribunal correspondiente, y contendrá, además, constancia de la fecha de notificación del archivo en autos de copia de la notificación de la sentencia, de la resolución o de la orden. (Énfasis suplido).[4]

Lo que precede, claramente, comprende la sentencia o resolución que dicte el Tribunal de Primera Instancia. De hecho, en *Codesi, Inc. v. Mun. de Canóvanas*, 150 DPR 586, 589 (2000), desestimamos una apelación ya que tenía varias deficiencias, siendo una de ellas que "el apéndice carec[ía] de un formulario de notificación del archivo en autos de la sentencia dictada por el foro de instancia, vital para determinar la jurisdicción".[5] En ese caso, hace casi veinte años atrás, hicimos unas expresiones contundentes que en la actualidad tienen igual o mayor trascendencia. En particular, pronunciamos lo siguiente:

> Constantemente este Tribunal se ha negado a expedir recursos por deficiencias como las que contiene la apelación del Municipio, en recursos presentados ante nos (o ante el Tribunal de Circuito de Apelaciones. En esas circunstancias hemos fundamentado nuestra determinación en

---

[3] Íd., 430.
[4] 4 LPRA Ap. XXI-B.
[5] Íd., pág. 589.

"ausencia de jurisdicción" (prematura, tardía e, incluso, no demostrada), o "por incumplimiento craso con el Reglamento".

. . . . . . . .

[…] **subsiste entre algunos abogados un desconocimiento de las normas y reglas aplicables a los recursos apelativos ante el Tribunal de Circuito de Apelaciones y este Tribunal.** Ha transcurrido tiempo más que suficiente para la profesión legal haberse familiarizado con las reglas y normas pertinentes. No podemos, pues, en aras de una ilusoria flexibilidad, erosionar sustancialmente esa doctrina apelativa. Máxime, que ello dejaría a la discreción de cada uno de los once (11) paneles del [entonces] Tribunal de Circuito de Apelaciones determinar si cumple o no con las normas mandatorias de su Reglamento. Aspiramos una práctica apelativa forense de excelencia, no pobre, que socavaría la uniformidad deseada. (Énfasis suplido).[6]

Nótese que desde hace mucho tiempo hemos advertido las repercusiones serias de inobservar los reglamentos de los foros apelativos. Ello, con la aspiración de fomentar una práctica forense de altura. Hoy, una vez más, debemos reiterar este principio. Después de todo, nuestras reglas se enraízan en el principio de uniformidad y orden que caracteriza nuestro sistema de derecho. No son un ritualismo procesal, sino que tienen el objetivo de propender la estabilidad funcional y estructural de nuestro andamiaje jurídico. Por ello, generalmente, nuestro péndulo debe inclinarse hacia el cumplimiento cabal y riguroso de estos principios.

El presente caso no debe ser la excepción. La subsanación del error, sin más, presentada por el Procurador General fuera del término jurisdiccional no justifica que el Estado sea merecedor de tal privilegio.

---

[6] *Codesi, Inc. v. Mun. de Canóvanas*, 150 DPR 586, 589-591 (2000).

Este, al igual que los ciudadanos y las ciudadanas, así como los letrados y las letradas, tiene la obligación de acatar nuestro reglamento y así perfeccionar los recursos dentro del término jurisdiccional correspondiente. ¿Qué principio objetivo utilizaríamos si accediéramos que en unos casos se subsane una falta como esta fuera del plazo jurisdiccional mientras que en otros no?

Por estas razones, estoy conteste con anular el auto.


Edgardo Rivera García
Juez Asociado