ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ERIC M. VÁZQUEZ ROJAS**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrido | KLRA202300652 | **REVISIÓN** procedente del Departamento De Corrección Y Rehabilitación<br><br>Caso Núm: **GMA-1000-266-23**<br><br>Sobre: |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de enero de 2024.

Comparece ante nos, por derecho propio, Eric J. Vázquez Roja (recurrente), actualmente confinado en la Institución Guayama 1,000.[1] Solicita que le ordenemos al Departamento de Corrección y Rehabilitación informar el estatus del depósito en su cuenta de comisaría del incentivo económico distribuido por el Departamento de Hacienda a causa de la emergencia por el Covid-19.

Ahora bien, debido a que Vázquez Roja no anejó la respuesta sobre la solicitud presentada en el Departamento de Corrección y Rehabilitación, nos vemos precisados a desestimar el recurso por falta de jurisdicción. El confinado no nos colocó en posición de atender y resolver su reclamo, al no perfeccionar su recurso conforme dispone nuestro ordenamiento. Regla 83(B)(1) y (3) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (3).

---

[1] Se autoriza a litigar *in forma pauperis.*

Número Identificador
SEN2024 _____

## I.

Según surge del expediente, el 19 de octubre de 2023[2], Vázquez Roja instó una *Solicitud de Remedio Administrativo* (GMA-266-23) ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. En esencia, requirió información sobre el estatus del depósito en su cuenta de comisaría del estímulo económico emitido a causa de la emergencia por el Covid-19. Del expediente no surge respuesta del Departamento de Corrección y Rehabilitación a la mencionada solicitud.

Vázquez Roja comparece ante este Foro mediante el recurso que nos ocupa. En esencia, intima nuestra intervención para que le ordenemos al Departamento de Corrección y Rehabilitación depositar en su cuenta de comisaría el incentivo concernido. Hace hincapié en que completó y agotó varios trámites dirigidos a recibir el estímulo y que su técnico sociopenal le informó que debía esperar acción del Departamento de Hacienda. Alega que la referida gestión se ha tardado mucho.

## II.

### A.

Es norma trillada de derecho que las partes -incluso los que comparecen por derecho propio- tienen el deber de cumplir fielmente las normas para el perfeccionamiento de los recursos ante este foro apelativo. Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos. *Hernández Jiménez, et als. v. AEE,* 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo

---

[2] Este documento tiene un ponche del Departamento de Corrección, División de Remedios Administrativos de Guayama, fechado el 27 de noviembre de 2023.

que permita conocer claramente la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).

En suma, la parte compareciente tiene que perfeccionar su recurso al tenor de los preceptos de la ley vigentes y de nuestro reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, 165 DPR 356 (2005).

Por otro lado, sabido es que el contenido de las revisiones judiciales se encuentra regulado por nuestro Reglamento y el mismo establece que dicho recurso deberá incluir un apéndice que contenga los siguientes documentos:

(a) Las alegaciones de las partes ante la agencia, a saber: la solicitud original, la querella o la apelación, las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

    (e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión, o que sean relevantes a ésta.

    (f) Cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

    (g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la(s) regla(s) o la(s) sección(es) del reglamento que sea(n) pertinente(s).

    Regla 59(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E).

Es claro que, si la parte recurrente no presenta estos documentos, este Tribunal estará impedido de corroborar su jurisdicción y resolver los méritos de las controversias planteadas. Esto último se debe a que no tendremos forma de confirmar y auscultar las alegaciones de las partes, los asuntos medulares que disponen de la causa, ni revisar la corrección de la decisión recurrida por no tener constancia de ella, ni de los acontecimientos que dieron base a la misma. Consecuentemente, esta deficiencia se considera una sustancial, por lo que todo recurso que incurra en ella será desestimado. *Codesi, Inc. v. Mun. de Canóvanas,* 150 DPR 586, 590-591 (2000).

**B.**

Como es sabido, los tribunales deben ser guardianes celosos de la jurisdicción. Las cuestiones de jurisdicción deben ser resueltas con preferencia, toda vez que la falta de esta no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico,* 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

### III.

En su escueto escrito, el recurrente nos solicita que le ordenemos al Departamento de Corrección y Rehabilitación informarle en qué estatus se encuentra el trámite para que se le pueda depositar cierto dinero relacionado a un estímulo económico concedido a raíz de la pandemia del Covid-19 que presuntamente le corresponde. Sin embargo, no incluyó en el apéndice de su recurso la determinación de la cual recurre. Este solo anejó la solicitud de remedio administrativo incoada ante la División de Remedios Administrativos. Desconocemos si esta fue adjudicada.

Nótese que el recurrente no cumplió con lo requerido por nuestro ordenamiento jurídico, específicamente las disposiciones del Reglamento del Tribunal de Apelaciones. Lo anterior es esencial al momento de presentar un recurso de revisión judicial para que podamos, en primer orden, auscultar nuestra jurisdicción. En este caso se nos imposibilita atender el reclamo del recurrente por no contar con la información necesaria. Recordemos que el hecho de comparecer por derecho propio no exime a una parte de cumplir a cabalidad con el trámite relacionado a la presentación de un recurso apelativo.

Así las cosas, carecemos de jurisdicción para poder disponer en los méritos de la causa de autos, toda vez que el recurso no se perfeccionó adecuadamente. Véase, *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007).

Por último, aun si contáramos con un recurso debidamente perfeccionado, resaltamos que el recurrente debe atenerse a los mecanismos administrativos correspondientes. En su escrito este alega que fue instruido por su técnico sociopenal que debía esperar por el Departamento de Hacienda. A su vez, el Departamento de Corrección y Rehabilitación debe procurar comunicarse con el

recurrente y emitir una respuesta concreta sobre su caso, de no haberlo hecho, sobre el estatus del incentivo concernido.

**IV.**

Por las consideraciones que anteceden, desestimamos el recurso por falta de jurisdicción. Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (C).

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones