ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **BOMBAS Y SOLUCIONES, LLC.**<br><br>Recurrente<br><br>v.<br><br>**MUNICIPIO AUTÓNOMO DE TOA BAJA**<br><br>Recurrido | KLRA202400367 | **REVISIÓN** procedente de la Junta de Subastas del Municipio Autónomo de Toa Baja<br><br>Caso Núm.: Subasta Formal Núm.: 16 2023-2024 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de julio de 2024.

Comparece ante nos, Bombas y Soluciones, LLC (parte recurrente) y solicita la revisión de la *Notificación sobre Adjudicación* que emitió la Junta de Subastas del Municipio Autónomo de Toa Baja (Junta de Subastas) el 29 de junio de 2024. Mediante la misma, se le adjudicó la *buena pro* de la Subasta Formal Número 16 del Año Fiscal 2023-2024 sobre la *Compra de Equipos para la Restauración de la Piscina Olímpica Localizada en la Calle José de Diego en la Sexta Sección de Levittown* a la compañía Universal Equipment Sales & Service Corp.

Ahora bien, debido a que Bombas y Soluciones incumplió con las disposiciones reglamentarias aplicables, nos vemos precisados a desestimar el recurso de referencia por falta de jurisdicción. La parte recurrente no nos colocó en posición de atender y resolver su reclamo, al no perfeccionar su recurso conforme dispone nuestro ordenamiento. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).

Número Identificador

SEN2024 _____

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho…". Ante ello, prescindimos de la comparecencia de la parte recurrida.

## I.

## A.

Es norma trillada de derecho que las partes -incluso los que comparecen por derecho propio- tienen el deber de cumplir fielmente las normas para el perfeccionamiento de los recursos ante este foro apelativo. Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos. *Hernández Jiménez, et als. v. AEE,* 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo que permita conocer claramente la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

Esencialmente, "**todo abogado tiene la obligación y el deber de cumplir a cabalidad y con rigurosidad con los requisitos dispuestos en las leyes y en los reglamentos respecto el perfeccionamiento de los recursos apelativos presentados**." *Morán v. Martí,* 165 DPR 356, 363 (2005), citando a *Arriaga v. F.S.E.,* 145 DPR 122 (1998) y otros. (Énfasis nuestro). **Los abogados deben "demostrar celo, cuidado y diligencia en la tramitación de todos los asuntos judiciales**". *Pellot v. Avon,* 160 DPR 125 (2003). (Énfasis nuestro).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR

281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).

Por otro lado, sabido es que el contenido de las revisiones judiciales se encuentra regulado por nuestro Reglamento y el mismo establece todos los requisitos que debe cumplir el escrito para ser susceptible de adjudicación por este Foro. Específicamente, la Regla 59 del aludido cuerpo legal dispone que el recurso de revisión judicial contendrá:

[...]

(B) Índice

(C) Cuerpo

  (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

  (a) En la comparecencia, el nombre de los recurrentes.

  (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

  (c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

  (d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión.

[…]

Asimismo, dicho recurso deberá incluir un apéndice que contenga los siguientes documentos:

(a) Las alegaciones de las partes ante la agencia, a saber: la solicitud original, la querella o la apelación, las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión, o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la(s) regla(s) o la(s) sección(es) del reglamento que sea(n) pertinente(s).

Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59.

Es claro que, si la parte recurrente incumple su obligación de perfeccionar el recurso al tenor de los preceptos de la ley vigentes y de nuestro reglamento, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, supra. Véase, además, *Codesi, Inc. v. Mun. de Canóvanas*, 150 DPR 586, 590-591 (2000).

**B.**

Como es sabido, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024), citando a *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022). Por tanto, "el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional". *RB Power, Inc. v. Junta de Subastas de la ASG PR*, supra, citando a *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

Así las cosas, los tribunales deben ser guardianes celosos de la jurisdicción. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico*, 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

**II.**

Según adelantado, tras examinar el recurso de revisión judicial de epígrafe, concluimos que este no es revisable. La parte recurrente no cumplió con todas las normas aplicables al perfeccionamiento de este tipo de recursos, lo que nos priva de

jurisdicción para atenderlo en los méritos. Particularmente, la parte recurrente contravino varias de las disposiciones de la Regla 59 de nuestro Reglamento, *supra.*

Del escueto escrito ante nuestra consideración, se desprende que este adolece de una relación fiel y concisa de los hechos procesales, así como de los hechos importantes y pertinentes del caso. Tampoco contiene un índice detallado del recurso y de las autoridades citadas conforme a lo dispuesto en la Regla 75 del Reglamento del Tribunal de Apelaciones.[1] Además, el Cuerpo del recurso carece de múltiples requisitos indispensables enumerados el inciso (C) de la Regla 59 de nuestro Reglamento, *supra.*

Particularmente, la parte recurrente se ciñó a mencionar que la Junta de Subastas del Municipio Autónomo de Toa Baja erró en su adjudicación de la *buena pro* al postor más caro. Sin embargo, no discutió el error que imputa a la Junta con referencia a los hechos y al derecho que respaldan sus planteamientos. Lo anterior nos lleva a concluir que el recurso bajo nuestra consideración no contiene una explicación concreta, específica y detallada del porqué, según la parte recurrente, la Junta de Subastas erró en su decisión.

Las omisiones del recurso bajo nuestra consideración nos impiden tener un marco claro de los acontecimientos ante la Junta de Subastas. La parte recurrente falló en colocarnos en posición de atender su disconformidad con la determinación del foro administrativo en cuanto a otorgarle la *buena pro* de la subasta en cuestión a la compañía Universal Equipment Sales & Service Corp.

Así las cosas, carecemos de jurisdicción para poder disponer en los méritos de la causa de autos, toda vez que el recurso no se perfeccionó adecuadamente. Véase, *González v. Mayagüez Resort &*

---

[1] 4 LPRA Ap. XXII-B, R. 75.

*Casino,* 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007).

**III.**

Por las consideraciones que anteceden, desestimamos el recurso por falta de jurisdicción. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La jueza Rivera Marchand concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones