ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**PEDRO J. RIVERA FONTÁNEZ**<br><br>Peticionario | TA2026CE00185 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Crim. Núm.:<br>K BD2025G0019<br>K BD2025G0020<br>K EC2025G0001<br>K LA2025G0007 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante nos, por derecho propio y como indigente, Pedro J. Rivera Fontánez (Rivera Fontánez o peticionario), quien se encuentra confinado en la Institución Sabana Hoyos 728, bajo la custodia del Departamento de Corrección y Rehabilitación (DCR). A pesar de que Rivera Fontánez no indica de qué dictamen recurre, éste solicita que investiguemos sobre los pormenores de su sentencia.

Analizado el recurso, y, sin ulterior trámite, resolvemos desestimar el recurso de referencia por falta de jurisdicción.[1]

### I.

### A.

Como es sabido, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. *Municipio de Río Grande y otro v. Adquisición de Finca*

---

[1] A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte recurrida.

*27.661 de la Urbanización Industrial Las Flores, del Término Municipal de Río Grande y otros*, 2025 TSPR 36, resuelto el 4 de abril de 2025.[2]

Los tribunales deben ser guardianes celosos de la jurisdicción. Las cuestiones de jurisdicción deben ser resueltas con preferencia, toda vez que la falta de esta no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018).

**B.**

Es norma trillada de derecho que las partes -incluso los que comparecen por derecho propio- tienen el deber de cumplir fielmente las normas para el perfeccionamiento de los recursos ante este foro apelativo. Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos. *Hernández Jiménez, et als. v. AEE*, 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo que permita conocer claramente la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un

---

[2] *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024), citando a *Pueblo v. Torres Medina*, 211 DPR 950 (2023). Véase, además, *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022).

impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).

En suma, la parte compareciente tiene que perfeccionar su recurso al tenor de los preceptos de la ley vigente y de nuestro reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, 165 DPR 356 (2005). Es claro que, si la parte compareciente no presenta estos documentos, este Tribunal estará impedido de corroborar su jurisdicción y resolver los méritos de las controversias planteadas. Esto último se debe a que no tendremos forma de confirmar y auscultar las alegaciones de las partes, los asuntos medulares que disponen de la causa, ni revisar la corrección de la decisión recurrida por no tener constancia de ella, ni de los acontecimientos que dieron base a la misma. Consecuentemente, esta deficiencia se considera una sustancial, por lo que todo recurso que incurra en ella será desestimado. *Codesi, Inc. v. Mun. de Canóvanas*, 150 DPR 586, 590-591 (2000).

## II.

En su escueto escrito, aunque Rivera Fontánez no hizo señalamiento de error alguno, ni incluyó un apéndice con su recurso que incluyera la determinación de la cual recurre y otros documentos relacionados, parece expresar que no está de acuerdo con el cómputo de su sentencia. Expone que alegadamente fue arrestado el 11 de junio de 2024 y sentenciado el 25 de abril de 2025 tras una alegación preacordada. Argumenta que le ha explicado a su técnico de récord en la cárcel su inquietud, pero se le hace caso omiso.

Revisado el escrito que nos ocupa, colegimos que carecemos de jurisdicción para atenderlo. Primero, su escrito ininteligible hace

imposible determinar que nos solicita, además no contamos con una determinación administrativa o judicial para revisar. Rivera Fontánez incumplió con lo requerido por nuestro ordenamiento jurídico, específicamente las disposiciones del Reglamento del Tribunal de Apelaciones. Lo anterior es esencial al momento de presentar un recurso apelativo para que podamos, en primer orden, auscultar nuestra jurisdicción. Así las cosas, se nos imposibilita atender el reclamo de Rivera Fontánez por no contar con toda la información necesaria. Recordemos que el hecho de comparecer por derecho propio no exime a una parte de cumplir a cabalidad con el trámite relacionado a la presentación de un recurso apelativo.

En consecuencia, carecemos de jurisdicción para poder disponer en los méritos de la causa de autos, toda vez que el recurso no se perfeccionó adecuadamente. Procede su desestimación. Véase, *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007).

Ahora bien, cabe señalar que, si el miembro de la población correccional se encuentra inconforme con cualquier asunto relacionado a su sentencia o las bonificaciones, tiene la oportunidad de presentar una solicitud de remedio administrativo en la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, de entenderlo necesario. Es dicha agencia quien debe atender en primera instancia el asunto. Solo luego de que Rivera Fontánez acredite dichos procesos estaríamos ante una decisión revisable.

### III.

Por las consideraciones que anteceden, desestimamos el recurso por falta de jurisdicción. Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* págs. 115-116.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones