Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO <br><br> Recurrido <br><br> v. <br><br> NELSON FIGUEROA VELÁZQUEZ | TA2025CE00113 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan <br><br> Caso número: EVI2019-G0004 <br><br> Sobre: Art. 95A |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de agosto de 2025.

Comparece ante nos, por derecho propio,[1] la parte peticionaria, Nelson Figueroa Velázquez, mediante un recurso de *certiorari*, sin especificar la determinación de la cual solicita revisión.

Posteriormente, la parte recurrida presentó ante nos una solicitud de desestimación.

Por los fundamentos que expondremos a continuación, se declara Ha Lugar la referida solicitud y, en su consecuencia, se desestima el presente recurso por falta de jurisdicción.

**I**

El 9 de junio de 2025, recibido en la Secretaría de esta Curia el 20 del mismo mes y año, Nelson Figueroa Velázquez (Figueroa Velázquez o peticionario) presentó un recurso de *certiorari* ante nos, el cual carecía de apéndice y no especificaba la determinación de la cual recurría. En síntesis, Figueroa Velázquez arguyó en su escrito que solicitaba la revisión de una sentencia impuesta por acciones

---

[1] El 4 de agosto de 2025, Nelson Figueroa Velázquez presentó una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*. Luego de una revisión de la referida moción, la declaramos Ha Lugar.

personales que, según adujo, no podía dilucidarse. Según argumentó existía evidencia que señalaba que la acción penal en su contra estaba plagada de lagunas. Además, alegó que no estaba de acuerdo con la decisión del Tribunal de Primera Instancia en etapa de Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6. Sin embargo, Figueroa Velázquez no incluyó ni especificó el dictamen del cual recurría.

Por su parte, el 31 de julio de 2021, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (recurrido), compareció mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* En esencia, planteó que Figueroa Velázquez incumplió con el Reglamento del Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B, al no incluir un apéndice, no detallar una relación de hechos materiales, no esbozar los señalamientos de error y no indicar la determinación de la cual recurría. Sostuvo que, ante la falta de dicha información, el recurso no estaba perfeccionado y, por tanto, este Tribunal revisor carecía de jurisdicción. En virtud de ello, solicitó la desestimación del recurso.

En mérito de lo anterior, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos

guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

El Tribunal Supremo de Puerto Rico ha reiterado que las partes –incluso los que comparecen por derecho propio– tienen el deber de cumplir fielmente con las normas para el

perfeccionamiento de los recursos ante este Foro apelativo. *Febles v. Romar,* 159 DPR 714 (2003). Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos ante nos. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 589-590 (2019); *Hernández Jiménez, et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167-168 (2002).

En suma, la parte compareciente tiene que perfeccionar su recurso al tenor de los preceptos de la ley vigentes y de nuestro Reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí,* 165 DPR 356 (2005).

Por otro lado, sabido es que el contenido de los recursos de *certiorari* se encuentra regulado por nuestro Reglamento y el mismo establece que dicho recurso deberá incluir lo siguiente:

> (A) *Cubierta.*—La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento: "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) *Epígrafe.*—El epígrafe del escrito de *certiorari* contendrá el nombre de todas las partes en el orden que aparecían en el Tribunal de Primera Instancia y se les identificará como "parte peticionaria" y "parte recurrida".

(2) *Información sobre abogados o abogadas y partes.*—Se incluirá el nombre, la dirección postal, el teléfono, la dirección del correo electrónico, y el número del Tribunal Supremo del abogado o abogada de la parte peticionaria y del abogado o abogada de la parte recurrida, o el nombre, la dirección postal, la dirección de correo electrónico, si la tuvieran, y el teléfono de las partes si estas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(3) *Información del caso.*—Si se trata de un recurso presentado físicamente conforme a lo dispuesto en la Regla 2.1 de este Reglamento, deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, la Sala que resolvió la controversia objeto de revisión, el número ante dicha Sala, y la naturaleza, la materia y el asunto.

(B) *Índice.*—Inmediatamente después, habrá un índice detallado de la solicitud, conforme a lo dispuesto en la Regla 75 de este Reglamento.

(C) *Cuerpo.*—

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari.*

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del

recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(g) La súplica.

(2) No se permitirá la presentación de un memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de la solicitud de *certiorari.*

(3) En caso de que en la solicitud de *certiorari* se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte peticionaria procederá de conformidad con lo dispuesto en la Regla 76 [del Reglamento].

De tratarse de una solicitud de *certiorari* para revisar sentencias en casos de condena por alegación de culpabilidad bajo la Regla 32(A) del Reglamento, la parte peticionaria procederá conforme se dispone en la Regla 29 [del Reglamento].

(D) *Número de páginas.*—La solicitud de *certiorari* no excederá de veinticinco páginas, cuando el expediente sea físico y treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D) del Reglamento.

(E) *Apéndice.*—

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a esta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de *certiorari*, en moción o *motu proprio* a la parte peticionaria, la presentación de los documentos del apéndice a que se refiere esta regla, con posterioridad a la fecha de la presentación del escrito de *certiorari*, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos. Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B, R. 34.

En cuanto al contenido del apéndice, es claro que, si la parte peticionaria no presenta estos documentos, este Foro estará impedido de corroborar su jurisdicción y resolver los méritos de las controversias planteadas. Esto último se debe a que no tendremos forma de confirmar y auscultar las alegaciones de las partes, los asuntos medulares que disponen de la causa, ni revisar la corrección de la decisión recurrida por no tener constancia de ella,

ni de los acontecimientos que dieron base a la misma. Consecuentemente, esta deficiencia se considera una sustancial, por lo que todo recurso que incurra en ella será desestimado. *Codesi, Inc. v. Mun. de Canóvanas*, 150 DPR 586 (2000).

Esbozada la norma jurídica, procedemos a disponer del recurso ante nos.

### III

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Cónsono con lo anterior, por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar si la parte peticionaria cumplió con las disposiciones reglamentarias pertinentes para el perfeccionamiento del recurso. Veamos.

Debemos recalcar que es norma firmemente establecida que, como parte del cumplimiento con nuestro Reglamento, para poder perfeccionar un recurso ante nos, la parte promovente tiene la obligación de cumplir esencialmente con el contenido del recurso y de incluir en el apéndice de este todos los documentos relevantes al asunto planteado, de modo que podamos ejercer adecuadamente nuestra función revisora. Si bien es cierto que la omisión de algunas partes del contenido y la presentación de un apéndice incompleto no conlleva la desestimación automática de un recurso, ello no puede significar que una parte opte por incumplir con nuestro Reglamento y no presentar en su apéndice los documentos relacionados al asunto recurrido. *Morán v. Martí*, supra, págs. 363-364. Así, es la obligación de la parte peticionaria colocarnos en posición de ejercer cabalmente nuestra función revisora. *Íd.,* pág. 366.

El recurso ante nuestra consideración adolece de graves defectos, tanto en su apéndice como en el recurso, que imposibilitan nuestra función revisora y el perfeccionamiento de este. Entre ellos, la parte peticionaria no incluyó lo siguiente: (1) un apéndice que incluyera todos los documentos relevantes al asunto planteado; (2) una relación fiel y concisa de los hechos procesales y materiales del caso; (3) un señalamiento conciso de los errores que, a su juicio, cometió el foro de origen; (4) una discusión de los errores señalados; y (5) la determinación de la cual se recurre.

En este caso, el peticionario, al no incluir específicamente el dictamen sobre el cual solicita nuestra intervención, no nos colocó en posición de atender y resolver su reclamo —el cual no quedó del todo claro en su escrito— al no perfeccionar su recurso conforme dispone nuestro ordenamiento. Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B, R. 83(C). En conclusión, carecemos de jurisdicción para poder disponer en los méritos de la causa de autos, toda vez que el recurso no se perfeccionó adecuadamente.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones