ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| GRETZA ALVARADO Y OTROS<br><br>Apelados<br><br>v.<br><br>BELINDA ROMÁN Y OTROS<br><br>Apelantes | KLAN202500363 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J DP2016-0438<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Compareció la Sra. Gretza Alvarado Vargas y otros (en adelante, "señora Alvarado Vargas y otros" o "parte apelante") mediante recurso de Apelación presentado el 29 de abril de 2025. Nos solicitó la revocación de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, "foro primario), el 25 de marzo de 2025.

Por los fundamentos que expondremos a continuación, se **desestima** el recurso de epígrafe por falta de jurisdicción debido al incumplimiento craso con las disposiciones reglamentarias para su perfeccionamiento.

**-I-**

El caso de marras tuvo su génesis cuando la señora Alvarado Vargas y otros presentaron *Demanda[2]* sobre daños y perjuicios contra la Sra. Belinda Román Avilés (en adelante, "señora Román

---

[1] Mediante la Orden Administrativa DJ 2024-062C emitida el 6 de mayo de 2025, se enmendó la constitución de los paneles del Tribunal de Apelaciones.
[2] Apéndice de la parte apelante, anejo II, págs. 95-99.

Avilés"). Allí alegaron que eran los herederos del causante Luis Ángel De Jesús Vega (en adelante, "señor De Jesús Vega"). Además, alegaron que la señora Román Avilés arrolló al señor De Jesús Vega al conducir un vehículo de motor con claro menosprecio de la seguridad de los demás y le ocasionó la muerte en el lugar del accidente. Especificaron que, al momento del incidente, el señor De Jesús Vega se encontraba realizando labores de construcción con su uniforme y chaleco luminoso. Por lo cual, alegaron que debido a la culpa, negligencia, descuido, imprevisión y falta de cuidado de la señora Román Avilés proceden partidas económicas por los conceptos siguientes: (i) daños y perjuicios sufridos por la muerte del señor De Jesús Vega, (ii) lucro cesante de sus dependientes, (iii) daños y angustias sufridas por el señor De Jesús Vega mientras tuvo conciencia de ello, (iv) daños morales y (v) gastos funerales.

Tras un extenso trámite procesal, el 25 de marzo de 2025, el foro primario emitió *Sentencia*, mediante la cual hizo constar que el juicio en sus méritos fue celebrado los días 11, 12, y 13 de junio de 2024 y 25 de septiembre de 2024.[3] En cuanto a la prueba documental, el foro primario indicó que las partes estipularon lo siguiente: (1) exhibit I—Resolución del caso B2CI201600577; (2) exhibit II—Informe médico forense; (3) exhibit III—Denuncia de la policía de Puerto Rico; (4) exhibit IV—Certificación del cuerpo de emergencia médicas; (5) exhibit V—Expediente del fondo del seguro del Estado; (6) exhibit VI—Certificación de gastos del fondo del seguro del Estado; (7) exhibit VII—Certificación de defunción; (8) exhibit VIII—Certificado del cuerpo de emergencia estatal; (9) exhibit IX—Curriculum vitae del Dr. Manuel A. Quiles; (10) exhibit X—Fotos de escena; (11) exhibit XI—Detalle de llamadas. En cuanto a la prueba testifical, el foro primario indicó que las partes presentaron

---

[3] *Íd.,* anejo I, págs. 1-94.

los testigos siguientes: (i) Sr. Luis Ángel De Jesús Alvarado, (ii) Dr. José Ramón Ortiz Feliciano, (iii) señora Alvarado Vargas, (iv) Dr. Manuel A. Quiles Lugo, (v) señora Román Avilés, (vi) Dr. Arnaldo José Otero Gasbi y (vii) Agente José A. Maldonado Alicea. Luego de aquilatar la prueba y una amplia discusión, el foro primario hizo 529 determinaciones hechos y declaró *No Ha Lugar* la *Demanda* incoada contra la señora Román Avilés.

Inconforme, el 29 de abril de 2025, la señora Alvarado Vargas y otros acudieron ante este Tribunal mediante el recurso de epígrafe en el cual señalaron el error siguiente:

> Erró el TPI de Ponce al declarar No Ha Lugar la Demanda sobre Daños y Perjuicios al determinar no se estableció que la parte demandada actuó de manera culposa o negligente al conducir su vehículo de motor provocando la muerte de un ser humano.

Consecuentemente, 5 de mayo de 2025, la señora Román Avilés presentó *Solicitud de Desestimación al Amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones*. Mediante esta alegó que la parte apelante no le notificó el presente recurso de apelación e incumplió con múltiples requisitos del Reglamento del Tribunal de Apelaciones. Por lo cual, sostuvo que el recurso de epígrafe no está perfeccionado y procede su desestimación.

A esos efectos, el 13 de mayo de 2025, emitimos *Resolución* en la cual ordenamos a la parte apelante exponer razones por las cuales no procedía la desestimación del recurso de epígrafe, toda vez que no incluyó la boleta de notificación de la *Sentencia* apelada.

El 27 de mayo de 2025, la parte apelante presentó *Moción en cumplimiento de orden*. Mediante esta argumentó que la boleta de notificación es un elemento útil, pero no constituye un requisito esencial ni excluyente para la admisibilidad de un recurso. Señaló, además, que el Tribunal de Apelaciones puede constatar la fecha exacta de notificación directamente del sistema electrónico SUMAC. Por último, sostuvo que exigir la boleta de notificación representa

un formalismo innecesario que no añade información sustantiva ni altera el cómputo del término para recurrir en apelación.

Por su parte, el 6 de junio de 2025, la parte apelada presentó *Moción reiterando solicitud de desestimación del recurso de apelación.* En síntesis, planteó que exigir la boleta de notificación no es un mero tecnicismo, sino un requisito indispensable para que el Tribunal de Apelaciones puede verificar si el recurso de epígrafe fue presentado dentro del término jurisdiccional dispuesto por ley.

Examinado el recurso y con la comparecencia de ambas partes, determinamos prescindir del alegato en oposición de la parte apelada, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025)[4], y procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta,* 213 DPR 685, 698 (2024); *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B Power Inc., v. Junta de Subasta,* supra, pág. 698; *FCPR v. ELA et al.,* supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020).

---

[4] A partir del 16 de junio de 2025, las nuevas enmiendas incorporadas a nuestro Reglamento tienen vigencia inmediata en todos los procedimientos pendientes ante nos.

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción.  De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Perfeccionamiento de los recursos apelativos**

En nuestro ordenamiento jurídico, se ha establecido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Por lo que, "las disposiciones reglamentarias que rigen su perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 591 (2019). Incluso, nuestro Alto Foro ha resuelto que, "el

hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar,* 159 DPR 714, 722 (2003). Ello es así puesto que, "[e]sta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí". *Soto Pino v. Uno Radio Group,* supra, pág. 90.

Así pues, conforme a la Regla 13 (A) y 14 (A) de nuestro Reglamento, un recurso de apelación civil se formaliza con la presentación de su escrito en la Secretaría del Tribunal de Apelaciones —junto con el pago de derechos arancelarios correspondientes— dentro del término jurisdiccional de treinta (30) días **contados desde el archivo en auto de una copia de notificación de la sentencia apelada**. Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 22 y 26, 215 DPR __ (2025).

Además, la Alta Curia ha expresado que "[p]ara el perfeccionamiento adecuado de un recurso presentado ante el foro apelativo intermedio es necesaria la oportuna presentación y notificación del escrito a las partes apeladas". *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1070-1071 (2019). Asimismo, nuestro precitado reglamento exige que la parte apelante notifique su recurso y apéndices a la parte apelada dentro del mismo término dispuesto para su presentación y que, mediante su firma, certifique la fecha de notificación. *Íd.,* págs. 22-23. Conforme a la Regla 13 (B)(3) del Reglamento, "[c]uando sea necesario notificar por correo postal, la fecha del depósito en el correo se considerará como la fecha de la notificación a las partes". Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 24, 215 DPR __ (2025). Distinto al término para apelar, la Regla 13(B)(1) del Reglamento establece que el

término para notificar a la parte apelada es de estricto cumplimiento. Esto es, que el término puede ser prorrogado por el tribunal solo si media justa causa para su incumplimiento, no meramente excusas o planteamientos estereotipados. *Soto Pino v. Uno Radio Group*, supra, pág. 92-93. De manera que la falta de oportuna notificación a la parte apelada priva de jurisdicción al foro revisor y conlleva la desestimación del recurso de apelación. *González Pagán v. SLG Moret-Brunet*, supra, pág. 1071.

De otra parte, la Regla 16 (E)(1) del Reglamento del Tribunal de Apelaciones requiere que el apéndice de un recurso de apelación contenga copia literal de lo siguiente:

> **(a) las alegaciones de las partes,** a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, **y sus respectivas contestaciones;**
>
> **(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de esta;**
>
> (c) toda moción debidamente timbrada por el Tribunal de Primera Instancia física o electrónicamente, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;
>
> (d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a este;
>
> (e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia. (Énfasis suplido)

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 31, 215 DPR __ (2025).

Incluso, en *Codesi, Inc. v. Mun. de Canóvanas,* 150 DPR 586 (2000), el Tribunal Supremo reconoció algunas de las deficiencias sustanciales en el contenido del apéndice que con llevan la desestimación del recurso, debido a que impide al foro revisor corroborar su jurisdicción y resolver los méritos de las controversias planteadas. Entre estas, las siguientes:

(i) **omitir el formulario de la notificación del archivo en autos de la sentencia dictada por el foro de instancia**; (ii) no incluir copias de las alegaciones de las partes, y (iii) **no notificar a [la parte apelada] mediante copia completa de su escrito de apelación dentro del término jurisdiccional**.

*Codesi, Inc. v. Mun. de Canóvanas*, supra, pág. 591 (énfasis suplido).

Para salvaguardar las normas procesales apelativas, el Tribunal Supremo ha establecido que "la inobservancia de las disposiciones reglamentarias sobre la forma y presentación de los recursos puede conllevar la sanción más severa para cualquier reclamante: la desestimación". *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Asimismo, se ha establecido que los apéndices incompletos —siempre y cuando su omisión nos impida penetrar la controversia y constatar nuestra controversia— puede conllevar la desestimación. *Vázquez Figueroa v. ELA*, 172 DPR 150, 155 (2007). Esto es, "[l]a omisión de incluir los documentos del apéndice no será causa automática de desestimación del recurso". Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 32, 215 DPR __ (2025). La desestimación del recurso procederá en la medida que "nos aseguremos que el quebrantamiento con los postulados reglamentarios haya provocado un impedimento real y meritorio para considerar la controversia en los méritos". *Pueblo v. Valentín Rivera*, supra, pág. 641.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En síntesis, la parte apelante nos solicita la revocación de una *Sentencia* la cual declaró *No Ha Lugar* una causa de acción sobre daños y perjuicios.

Por su parte, la parte apelada nos solicitó la desestimación del recurso de epígrafe debido al incumplimientos de múltiples

requisitos del Reglamento del Tribunal de Apelaciones. Alegó que no recibió notificación del recurso de epígrafe conforme a derecho. Además, arguyó que el apéndice del recurso no incluyó la contestación a la demanda ni el informe de conferencia con antelación a juico, entre otros documentos. Por lo anterior, sostuvo que el recurso ante nuestra consideración no fue perfeccionado.

En cumplimiento con nuestro deber ministerial, procedemos a examinar nuestra jurisdicción para atender el recurso que no ocupa. Veamos.

En *Hernández Jiménez v. AEE et al.*, 194 DPR 378, 382-383 (2015), nuestro más Alto Foro expresó que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen **rigurosamente** el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo. (Énfasis nuestro).

Por ello, en el acápite II de esta *Resolución*, señalamos que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, supra. Así pues, las partes deben cumplir rigurosamente las disposiciones reglamentarias requeridas para perfeccionar sus recursos apelativos. *Isleta v. Inversiones Isleta Marina*, supra. Ese proceder nos permite tener un expediente completo y estar en posición de atender la controversia ante nos. *Soto Pino v. Uno Radio Group*, supra. Por tanto, nuestro ordenamiento nos autoriza a desestimar el recurso ante la inobservancia de las disposiciones reglamentarias sobre el perfeccionamiento. *Allied Mgmt. Group v. Oriental Bank*, supra; *González Pagán v. SLG Moret-Brunet*, supra.

En particular, la Regla 13(A) de nuestro Reglamento establece que los recursos de apelación deberán ser presentados dentro del **término jurisdiccional de 30 días <u>contados desde el archivo en</u>**

**autos de copia de la notificación de la sentencia** dictada por el **Tribunal de Primera Instancia**. Incluso, lo mismo dispone la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2. Sin embargo, la mera presentación del recurso ante la Secretaría de este Tribunal no perfecciona el mismo ni nos otorga jurisdicción automáticamente. Por ello, nuestro reglamento establece, en lo aquí pertinente, dos exigencias importantes para el perfeccionamiento adecuado de un recurso de apelación.

Primero, la Regla 13(B)(1) de nuestro Reglamento exige que la parte apelante notifique su recurso —junto al apéndice— a la otra parte en el mismo término de treinta (30) días que tiene para apelar. Distinto al término para apelar, el término para notificar a la parte apelada sobre el recurso presentado es de estricto cumplimiento. Además, según mencionamos en el Derecho Aplicable, la Regla 13 (B)(3) de nuestro Reglamento, la fecha de depósito en el correo se considerará como la fecha de notificación a la parte.

Segundo, la Regla 16 de este Tribunal revisor requiere que el recurso de apelación contenga, entre otras cosas, una copia fiel de la decisión cuya revisión se solicita y su respectiva notificación anejada en el apéndice. Esto es, se debe presentar tanto la sentencia como el formulario o boleta de la notificación del archivo en autos de la sentencia dictada por el foro de instancia, la cual se apela ante nos. *Codesi, Inc. v. Mun. de Canóvanas*, supra.

Sin duda, los requerimientos anteriores tienen el propósito de brindarnos, como tribunal revisor, las herramientas suficientes para validar las exigencias de la Regla 13 del Reglamento de este Tribunal y la Regla 52.2 de Procedimiento Civil. Ello, en la medida que debemos ser fieles guardianes de nuestra jurisdicción y atender esos asuntos jurisdiccionales con preferencia. *Allied Mgmt. Group v. Oriental Bank,* supra.

En el caso ante nuestra consideración, la parte apelada alegó que el 1 de mayo de 2025 recibió un aviso del foro primario sobre la presentación de un recurso de apelación en este Tribunal.[5] Señaló que, en esa misma fecha, le increpó a la parte apelante tal hecho, toda vez que no había recibido notificación alguna.[6] Argumentó que, al día siguiente —el 2 de mayo de 2025— recibió notificación del recurso de apelación presentado mediante un correo electrónico por parte del apelante.[7] Asimismo, detalló que el referido correo electrónico incluía copia del escrito de apelación sin el apéndice.[8] Argumentó, además, que no fue hasta el 5 de mayo de 2025 que recibió el escrito de apelación junto a su apéndice mediante correo postal certificado con acuse de recibo. Por lo cual, sostuvo que no fue notificada conforme a derecho y ello impidió el perfeccionamiento del recurso ante nos.

Tras evaluar el expediente, nos percatamos que consta en el escrito de apelación que, la parte apelante presentó el recurso de epígrafe el 28 de abril de 2025 en la Secretaría del foro primario y el 29 de abril de 2025 en la Secretaría de este tribunal revisor en conformidad con la Regla 14(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 26-27, 215 DPR __ (2025). Asimismo, consta que la parte apelante certificó haber notificado con copia del recurso de apelación a la parte apelada. No obstante, no surge de la certificación ni la fecha de notificación ni el medio utilizado para ello en clara inobservancia de la Regla 13(B)(1) de nuestro Reglamento.

Más importante aún, al examinar el anejo IV de la solicitud de desestimación presentado por la parte apelada, observamos una copia de un sobre —dirigido al representante legal de esta última—

---

[5] Véase, Solicitud de desestimación al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones.

[6] *Íd.*, anejo I.

[7] *Íd.,* anejo II.

[8] *Íd.,* anejo III.

con un matasello del correo postal fechado el 1 de mayo de 2025. Lo que significa que la parte apelante depositó en el correo postal —a fin de notificar a la parte apelada— copia del recurso de apelación el 1 de mayo de 2025.

Ante esta situación de hechos, como foro revisor, debemos examinar la fecha en la cual se dictó la *Sentencia* apelada, así como, la fecha del archivo en autos de copia de su notificación, para determinar si la parte apelante notificó a la parte apelada dentro de los treinta (30) días que tiene para apelar. Al hacerlo así, nos percatamos que surge del escrito de apelación una referencia de la *Sentencia* apelada junto a su fecha de dictamen y notificación, incluso consta en el apéndice una copia fiel y exacta de la misma. No obstante, no consta en el apéndice una copia fiel y exacta de la boleta de notificación de la referida *Sentencia,* lo cual resulta contrario a la disposición expresa de la Regla 16 (E)(1) del Reglamento del Tribunal de Apelaciones. Por consiguiente, fuera de lo argüido por la parte apelante, no podemos constatar cuándo se notificó el dictamen del foro primario. Esto es, no encontramos especificidad de la fecha en la cual fue notificada la *Sentencia*, conforme las exigencias tanto de la Regla 13 (A) del Reglamento de este Tribunal como la Regla 52.2 de Procedimiento Civil.

Así pues, por entender que los hechos particulares de este caso hacían totalmente necesario la presentación la boleta de notificación de la sentencia apelada para acreditar nuestra jurisdicción, emitimos una *Resolución* el 13 de mayo de 2025. Mediante esta concedimos un término de cinco (5) días a la parte apelante para que cumpliera con las exigencias de la Regla 16 (E)(1) del Reglamento de este Tribunal. Por su parte, la parte apelante compareció ante nos dentro del término concedido. Sin embargo, no adjuntó la boleta de notificación de *Sentencia* ni ningún otro documento que fuera pertinente para auxiliar nuestra labor de

auscultar nuestra jurisdicción para atender el caso en sus méritos. Incluso, nada expresó en cuanto a la falta de notificación de la parte apelada. Esto es, no ofreció explicaciones que puedan constituir justa causa para el aludido incumplimiento. La parte apelante se limitó meramente en argüir que la boleta de notificación no constituye un requisito esencial ni excluyente para la admisibilidad de un recurso ante nuestra consideración. Además, argumentó que exigir la boleta de notificación representa un formalismo innecesario que no altera el cómputo del término para recurrir en apelación. Señaló, como si fuera poco, que este Tribunal revisor puede constatar fácilmente la fecha exacta de la notificación de *Sentencia* en el expediente de epígrafe o en el sistema electrónico SUMAC. No tiene razón.

Según explicamos previamente, el expediente de epígrafe no contiene una copia de la boleta de notificación. Más importante aún, ese defecto pudo ser subsanado con posterioridad a la presentación del recurso y en cumplimiento con nuestra *Resolución*, no obstante, la parte apelante no lo hizo. A pesar de ello y en nuestro deber de salvaguardar nuestra jurisdicción, accedimos al sistema electrónico SUMAC y el caso de epígrafe no cuenta con un expediente digital. Lo que significa que no podemos constatar si la parte apelante notificó el recurso de apelación dentro de los treinta (30) días que tiene disponible para apelar ante este Tribunal. De manera que no contamos con los elementos suficientes para auscultar propiamente nuestra jurisdicción. Por tanto, resulta forzoso concluir que estamos ante un recurso de apelación defectuoso por encontrarse desprovisto de la documentación mínima para ser atendido. *Codesi, Inc. v. Mun. de Canóvanas*, supra.

De otro lado, aun si realizáramos un análisis sumamente laxo a base de la información disponible en el expediente de epígrafe,

llegaríamos a la misma conclusión de falta de jurisdicción. Nos explicamos.

Surge de la *Sentencia* apelada que, el foro primario emitió su dictamen el 25 de marzo de 2025. Por su parte, la parte apelante presentó el recurso de apelación el 28 de abril de 2025 y depositó en el correo postal copia del referido recurso el 1 de mayo de 2025 para notificar a la parte apelada. Es decir, presentó su recurso de apelación treinta y cuatro (34) días después de haberse dictado dicha *Sentencia*; así pues, notificó a la parte apelada a los treinta y siete (37) días.

De estos datos surge con meridiana claridad dos aspectos importantes. Primero, que el recurso fue presentado fuera del término jurisdiccional de 30 días que establece la Regla 13 (A) del Reglamento del Tribunal de Apelaciones y la Regla 52.2 de Procedimiento Civil. Sobre esto, recordemos que los términos jurisdiccionales son fatales, no prorrogables, y su incumplimiento impide nuestra función revisora por privarnos de jurisdicción. *Soto Pino v. Uno Radio Group*, supra.

Segundo, que el recurso de apelación no fue notificado conforme a derecho, debido a que el depósito en el correo postal fue realizado fuera del término para apelar. Adviértase que, aun cuando este término no es jurisdiccional, sino de estricto cumplimiento, no significa que tenemos discreción para prorrogarlo ni estos se prorrogan de forma automática. *Soto Pino v. Uno Radio Group*, supra. Ante la ausencia en el expediente de circunstancias específicas que ameriten ser reconocidas como justa causa para su tardanza, estamos impedidos de prorrogar el término y, por ende, atender el recurso de epígrafe en sus méritos.

Considerando lo anterior, colegimos que la boleta de notificación era vital para determinar nuestra jurisdicción. Por tanto, en el caso que nos ocupa, determinamos que era necesario

que la parte apelante incluyera en su apéndice la boleta de notificación de la *Sentencia* apelada para acreditar la jurisdicción de este Tribunal. Así pues, concluimos que no tenemos jurisdicción.

Por otro lado, nos parece meritorio mencionar que la parte apelante tampoco incluyó en el apéndice una copia de la contestación a la demanda ni ningún otro documento pertinente del expediente de instancia ni enumeró consecutivamente las páginas del apéndice. Aunque estos últimos defectos, pudieran considerarse como errores oficinescos y no afectan nuestra jurisdicción, tienen el propósito de facilitar nuestra labor revisora. Por lo cual, apercibimos a los abogados de la parte apelante sobre su deber de ser diligentes y dar estricto cumplimiento al reglamento del Tribunal de Apelaciones, de manera que los derechos apelativos de sus clientes sean salvaguardados.

A nuestro entender, el conjunto de los defectos anteriores conlleva un incumplimiento craso con el Reglamento del Tribunal de Apelaciones que amerita la drástica sanción de la desestimación del recurso. *Codesi, Inc. v. Mun. de Canóvanas*, supra. Así pues, tras asegurarnos de que el quebrantamiento de nuestros postulados ha provocado un impedimento real y meritorio para revisar el caso en sus méritos, procedemos a desestimar el recurso de marras, de conformidad con la Regla 83(C) del Reglamento de este Tribunal.

### -IV-

Por los fundamentos previamente expuestos, se **desestima** el recurso de epígrafe por falta de jurisdicción debido al craso incumplimiento con nuestro reglamento.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones