Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| ANÍBAL VEGA RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | TA2025RA00184 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso número: 150498 |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

Comparece ante nos, por derecho propio, Aníbal José Vega Rodríguez, mediante un escrito titulado *Moción,* sin especificar la determinación de la cual solicita revisión. De una lectura sosegada del escrito se desprende que Vega Rodríguez acude ante esta Curia, en relación con la alegada inacción de la Junta de Libertad Bajo Palabra (JLBP) en atender su reclamo. Sin embargo, el escrito presentado carece de apéndice y no especifica de forma concreta cuál es la determinación de la cual recurre. Tampoco formula señalamiento de error y no menciona fechas que nos permitan auscultar nuestra jurisdicción y evaluar su reclamo.

En vista de lo anterior, y por los fundamentos que expondremos a continuación, desestimamos el recurso por falta de jurisdicción.

### I

El 6 de agosto de 2025, recibido en la Secretaría de esta Curia el 8 del mismo mes y año, Aníbal José Vega Rodríguez (Vega Rodríguez o recurrente) presentó un escrito titulado *Moción.* En síntesis, Vega Rodríguez alegó que se encuentra confinado en

custodia mínima en la Institución Guayama 500. Añadió que le hizo una solicitud a la Junta de Libertad Bajo Palabra (Junta o JLBP) "para la libre comunidad en la vivienda de [su] madre"[1] y que la Junta denegó su solicitud. El recurrente indicó que solicitó la reconsideración de dicha determinación y que no ha recibido respuesta por parte de la JLBP, razón por la que acude ante este foro apelativo.

Sin embargo, Vega Rodríguez no acompañó su recurso de documento alguno que nos ayude a ejercer nuestra función revisora. El recurrente presentó su escrito sin un apéndice que contenga, como mínimo, los documentos y determinaciones a los que hace referencia. Tampoco especifica cuál es la determinación de la cual recurre, ni formula señalamiento de error alguno. Encima, del escrito presentado ni siquiera surgen fechas que nos permitan auscultar nuestra jurisdicción para atender el reclamo del recurrente.

En mérito de lo anterior, resolvemos desestimar el recurso por falta de jurisdicción.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos

---

[1] Véase, *Moción,* pág. 1 del recurso.

guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023). De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Allied Mgmt. Group v. Oriental Bank*, supra. En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction*, LLC y otro, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

El Tribunal Supremo de Puerto Rico ha reiterado que las partes –incluso los que comparecen por derecho propio– tienen el deber de cumplir fielmente con las normas para el perfeccionamiento de los recursos ante este Foro apelativo. *Febles v. Romar*, 159 DPR 714 (2003). Es decir, estos deben observar

rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos ante nos. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 589-590 (2019); *Hernández Jiménez, et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167-168 (2002).

En suma, la parte compareciente tiene que perfeccionar su recurso al tenor de los preceptos de la ley vigentes y de nuestro Reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, 165 DPR 356 (2005).

Por otro lado, sabido es que el contenido de los recursos de revisión de decisiones administrativas se encuentra regulado por nuestro Reglamento y el mismo establece que dicho recurso deberá incluir lo siguiente:

(A) *Cubierta.*—La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento: "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) *Epígrafe.*—El epígrafe del escrito de revisión contendrá el nombre de todas las partes en el orden que aparecían en el trámite administrativo

y se les identificará como "parte recurrente" y "parte recurrida".

(2) *Información sobre abogados o abogadas, y partes.*—Se incluirá el nombre, la dirección postal, el teléfono y la dirección electrónica y el número del Tribunal Supremo del abogado o abogada de la parte peticionaria y del abogado o abogada de la parte recurrente y del abogado o de la abogada de la parte recurrida, o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes si estas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(3) *Información del caso.*—Si se trata de un recurso presentado físicamente conforme a lo dispuesto en la Regla 2.1 de este Reglamento, deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, el nombre del organismo o agencia administrativa de la cual proviene el recurso, incluyendo la identificación numérica del trámite administrativo, si alguna, y la materia.

(B) *Índice.*—Inmediatamente después, habrá un índice detallado de la solicitud, conforme a lo dispuesto en la Regla 75 de este Reglamento.

(C) *Cuerpo.*—

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del

recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión.

(3) En caso de que en el recurso de revisión se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte peticionaria procederá de conformidad con lo dispuesto en la Regla 76 [del Reglamento].

(D) *Número de páginas.*—El recurso de revisión no excederá de veinticinco páginas cuando el expediente sea físico y treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(E) *Apéndice.*—

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento si no hubiere un trámite

previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio,* a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del apéndice no será causa de desestimación del recurso.

(3) El apéndice sólo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo. Cuando la parte recurrente plantee como error la exclusión indebida de alguna prueba, incluirá en un apéndice separado copia de la prueba ofrecida y no admitida.

(4) Los documentos del apéndice se organizarán en orden cronológico. Si se trata de un expediente

físico, todas las páginas se numerarán consecutivamente. Además, el apéndice contendrá un índice que indicará la página en que aparece cada documento en el expediente. En tales circunstancias no será necesario volver a cargar los documentos que obran en el Tribunal de Primera Instancia. Los documentos que obran en el expediente electrónico deberán ser citados indicando el número de entrada. ...[2]

En cuanto al contenido del apéndice, es claro que, si la parte peticionaria no presenta estos documentos, este Foro estará impedido de corroborar su jurisdicción y resolver los méritos de las controversias planteadas. Esto último se debe a que no tendremos forma de confirmar y auscultar las alegaciones de las partes, los asuntos medulares que disponen de la causa, ni revisar la corrección de la decisión recurrida por no tener constancia de ella, ni de los acontecimientos que dieron base a la misma. Consecuentemente, esta deficiencia se considera una sustancial, por lo que todo recurso que incurra en ella será desestimado. *Codesi, Inc. v. Mun. de Canóvanas*, 150 DPR 586 (2000).

Esbozada la norma jurídica, procedemos a disponer del recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Cónsono con lo anterior, por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar si Vega Rodríguez cumplió con las disposiciones reglamentarias pertinentes para el perfeccionamiento del recurso. Veamos.

---

[2] Regla 59 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 81-85, 215 DPR __ (2025).

Debemos recalcar que es norma firmemente establecida que, como parte del cumplimiento con nuestro Reglamento, para poder perfeccionar un recurso ante nos, la parte promovente tiene la obligación de cumplir esencialmente con el contenido del recurso y de incluir en el apéndice de este todos los documentos relevantes al asunto planteado, de modo que podamos ejercer adecuadamente nuestra función revisora. Si bien es cierto que la omisión de algunas partes del contenido y la presentación de un apéndice incompleto no conlleva la desestimación automática de un recurso, ello no puede significar que una parte opte por incumplir con nuestro Reglamento y no presentar en su apéndice los documentos relacionados al asunto recurrido. *Morán v. Martí*, supra, págs. 363-364. Así, es la obligación de la parte peticionaria colocarnos en posición de ejercer cabalmente nuestra función revisora. *Íd.,* pág. 366.

El recurso ante nuestra consideración adolece de graves defectos, que imposibilitan nuestra función revisora y el perfeccionamiento de este. Entre ellos, la parte peticionaria no incluyó lo siguiente: (1) un apéndice que incluyera todos los documentos relevantes al asunto planteado; (2) una relación fiel y concisa de los hechos procesales y materiales del caso; (3) un señalamiento conciso de los errores que, a su juicio, cometió el foro de origen; (4) una discusión de los errores señalados; y (5) la determinación de la cual se recurre.

En este caso, el recurrente, al no incluir específicamente el dictamen sobre el cual solicita nuestra intervención, no nos colocó en posición de atender y resolver su reclamo —el cual no quedó del todo claro en su escrito— al no perfeccionar su recurso conforme dispone nuestro ordenamiento.[3] En conclusión, carecemos de

---

[3] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115, 215 DPR __ (2025).

jurisdicción para poder disponer en los méritos de la causa de autos, toda vez que el recurso no se perfeccionó adecuadamente.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones